

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00521-CV

Maria **SALINAS** and Salvador Morales,
Appellants

v.

Arthur **SALINAS** and Monica Salinas,
Appellees

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 15-10-00608-CVW-A
The Honorable Russell Wilson, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Irene Rios, Justice

Delivered and Filed:  August 22, 2018

AFFIRMED

Maria Salinas and Salvador Morales appeal the trial court's take nothing judgment against them in their trespass to try title action against Arthur Salinas and Monica Salinas.  Because we conclude Arthur Salinas's 2009 petition for declaratory judgment was a suit to recover the property and interrupted Appellants' peaceable possession of the property, we affirm the trial court's judgment.

## BACKGROUND

Arthur Salinas and Maria Salinas divorced on August 16, 2001. The final decree of divorce awarded Maria the "business known as Busy Bear Restaurant, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies, all personal property used in connection with the operation of the business, and all rights and privileges, past, present or future, arising out of or in connection with the operation of the business." The divorce decree also awarded to Arthur "all property not awarded herein to [Maria]." On June 25, 2008, Maria executed a special warranty gift deed conveying to Salvador Morales the real property "more commonly known as Busy Bear Café."

On February 27, 2009, Arthur filed a petition for declaratory judgment in which he sought a judicial determination that he owned one hundred percent of the property on which the restaurant is located. The petition stated that although the divorce decree awarded Arthur the property, Maria had executed a deed conveying the property to Salvador, who had notified the appraisal district he was the owner of the property. On January 12, 2012, the trial court entered an order clarifying that the divorce decree awarded the restaurant business to Maria and awarded the real property on which the restaurant is located to Arthur. The court thus found the real property on which the restaurant is located "is owned by Arthur." Neither Maria nor Salvador appealed the trial court's January 2012 order.

On June 29, 2012, Arthur filed a forcible detainer action against Maria and Salvador seeking to remove them from the property. After the justice court rendered judgment of possession for Arthur, Maria and Salvador appealed to the county court, where the forcible detainer action remains pending. On October 2, 2015, Arthur conveyed the property to Monica, Arthur and Maria's daughter.

On October 20, 2015, Maria and Salvador filed a trespass to try title action against Arthur[1] that is the subject of this appeal. In their petition, Maria and Salvador alleged they had been in adverse possession of the property since the divorce on August 16, 2001 and that any right Arthur might claim to the property is precluded by Arthur's failure to oust Maria and Salvador by August 16, 2011.

On October 18, 2016, a bench trial was held on Appellants' trespass to try title action. At trial, the parties stipulated that the only disputed issue regarding Appellants' adverse possession claim was whether Arthur's 2009 petition for declaratory judgment and litigation thereof was sufficient to toll accrual of limitations title, i.e., title by adverse possession, which otherwise would have accrued on August 16, 2011. The trial court concluded that because Arthur in his 2009 suit did not allege that he was entitled to possession of the property, did not allege that Maria or Salvador had unlawfully withheld the property from him, and did not seek possession of the property, his 2009 suit was not "an adverse suit to recover the property" and did not toll accrual of limitations title. However, the trial court also concluded that because Appellants' right to the property vested during ongoing litigation regarding ownership of the property, Appellants were required to assert limitations title as a compulsory counterclaim. The trial court thus concluded the January 2012 order was a final adjudication that disposed of Appellants' rights to the property. On May 2, 2017, the trial court signed a final judgment that Appellants take nothing on their claim.

On appeal, Appellants contend Arthur's 2009 suit was insufficient to interrupt Appellants' peaceful and adverse possession of the property and that Appellants' adverse possession claim was not a compulsory counterclaim to the 2009 suit. In four cross-issues, Appellees contend the 2009 suit was a suit to recover the property, that the issue of title to the property was tried by consent in

---

[1] Monica filed a plea in intervention on December 31, 2015.

the 2009 suit, that limitations did not begin to run until Maria executed the 2008 deed to Salvador, and that Salvador waived his claim to limitations title by not asserting it prior to the trial court's January 2012 order.

STANDARD OF REVIEW AND APPLICABLE LAW

At trial, the parties stipulated that the only issue was whether Arthur's 2009 petition for declaratory judgment and the subsequent litigation thereof precluded Appellants' claim for title based on adverse possession. On appeal, the parties dispute the trial court's legal conclusions that Arthur's 2009 suit was not a suit to recover the property and that Appellants' adverse possession claim was a compulsory counterclaim to the 2009 suit. We review the trial court's conclusions of law and statutory interpretation de novo. *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017); *Alamo Cmty. Coll. Dist. v. Miller*, 274 S.W.3d 779, 788 (Tex. App.—San Antonio 2008, no pet.). We will uphold the trial court's judgment on any legal theory supported by the evidence. *Hanford-Southport, LLC v. City of San Antonio ex rel. San Antonio Water Sys.*, 387 S.W.3d 849, 853 (Tex. App.—San Antonio 2012, pet. denied).

"A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a) (West 2002). "If an action for the recovery of real property is barred [by § 16.026], the person who holds the property in peaceable and adverse possession has full title, precluding all claims." *Id.* § 16.030(a). "'Peaceable possession' means possession of real property that is continuous and is not interrupted by an adverse suit to recover the property." *Id.* § 16.021(3).

**ARTHUR'S 2009 SUIT WAS A SUIT TO RECOVER THE PROPERTY**

Appellants contend Arthur's 2009 suit was insufficient to toll accrual of limitations title and interrupt Appellants' peaceable possession. Appellants argue the 2009 suit was not a trespass to try title action and did not include any demand for possession of the property or allege Arthur was entitled to possession of the property. Appellees, in a cross-issue, argue that even though the trial court concluded the 2009 suit was not a "suit to recover the property," we should hold otherwise and affirm the trial court's judgment for this reason.

"A trespass to try title action is the method of determining title to . . . real property." TEX. PROP. CODE ANN. § 22.001(a) (West 2014). In a trespass to try title action, the plaintiff may seek a judgment for title, possession, or both. *See id.* § 22.003; TEX. R. CIV. P. 804; *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (noting trespass to try title actions are "used to clear problems in chains of title or to recover possession of land unlawfully withheld from a rightful owner").

Although courts have considered a trespass to try title action to be a suit to recover the property for purposes of tolling accrual of limitations title, trespass to try title is not the only legal action that may constitute a suit to recover the property. *Compare Capps v. Gibbs*, No. 10-12-00294-CV, 2013 WL 1701772, at *7 (Tex. App.—Waco Apr. 18, 2013, pet. denied) (mem. op.) (referring to appellant's trespass to try title suit as a suit to recover property) *with Valdez v. Moerbe*, No. 03-14-00731-CV, 2016 WL 1407800, at *8 (Tex. App.—Austin Apr. 6, 2016, pet denied) (mem. op.) (holding forcible detainer action constituted a suit to recover the property).

When discussing whether a legal action was a suit to recover the property for purposes of tolling accrual of limitations title, courts have considered whether the action asserted a claim of ownership adverse to the defendant possessor of the property. In *Valdez*, the court stated the forcible entry and detainer action filed by the plaintiff "was plainly an ***attempt by [the plaintiff] to assert an interest to the property adverse and superior to the [adverse possessors']*** and to

interrupt their occupation of [the property]." *Valdez*, 2016 WL 1407800, at *8 (emphasis added). Similarly, this court has stated that accrual of limitations title is tolled by "the filing of [a] ***petition to determine title***, even though the adverse claimant continues in actual possession of the land." *Dalo v. Laughlin*, 636 S.W.2d 585, 589 (Tex. App.—San Antonio 1982, no writ) (emphasis added).

Arthur filed the 2009 declaratory judgment action in reaction to Maria's execution of a deed purporting to convey the property to Salvador. In Arthur's 2009 declaratory judgment action he sought "[t]hat the Court judicially determine that the property on which the Busy Bear Restaurant is located is owned 100% by Arthur Salinas." Ultimately, the trial court determined in Arthur's 2009 declaratory action that the real property on which the restaurant business is located was owned by Arthur. *See* TEX. FAM. CODE ANN. § 9.008(b) (West 2006) (providing the court may render an order clarifying the original divorce decree). We conclude Arthur's 2009 suit was a clear attempt by Arthur to assert an interest in the property adverse and superior to Maria and Salvador and recover ownership of the property. Accordingly, Arthur's 2009 suit constituted a suit to recover the property and thus interrupted Appellants' peaceable possession of the property prior to the accrual of limitations title. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.026(a), 16.021(3).

Because Arthur's 2009 suit was a suit to recover the property, Appellants' claim to limitations title fails and the trial court's take nothing judgment was correct. We therefore need not reach any other issue raised by the parties in this appeal. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

Irene Rios, Justice